# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | | |
| BEVERLY BLAD, | * | |
| | * | No. 18-391V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: October 21, 2020 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Entitlement; dismissal. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | | |

<u>Andrew D. Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
<u>Heather L. Pearlman</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Beverly Blad alleged that the influenza ("flu") she received on November 11, 2016, caused her to develop Guillain-Barré syndrome ("GBS"). Pet., filed Mar. 14, 2018, at Preamble. On September 16, 2020, Ms. Blad moved for a decision dismissing her petition.

### I. Procedural History

Beverly Blad ("petitioner") filed her petition on March 14, 2018. After petitioner filed her initial medical records, the Secretary filed his Rule 4(c) report on February 28, 2019, contesting entitlement. A status conference was then held on March 11, 2019, during which an onset dispute was identified. Petitioner was

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

then ordered to file an onset affidavit.  After a failed attempt at settlement negotiations, a fact hearing to determine the onset of petitioner's symptoms was held on March 10, 2020.

The undersigned, in a ruling issued on July 15, 2020, found that: (1) arm and injection site pain began immediately after vaccination on November 11, 2016, and continued through November 14, 2016; (2) arm weakness began on November 19, 2016, continuing for approximately one week; (3) fatigue began on November 24, 2016; and (4) leg weakness began on February 1, 2017.  <u>Blad v. Sec'y of Health & Human Servs.</u>, No. 18-391V, 2020 WL 4607200, at *9 (Fed. Cl. Spec. Mstr. July 15, 2020).

A status conference was held on August 25, 2020, to discuss the findings of fact with the parties.  Petitioner was ordered to file a motion for decision dismissing the petitioner, or in the alternative, a status report proposing a deadline for her expert report, by September 24, 2020.  On September 16, 2020, petitioner filed the instant motion.

## II.  <u>Analysis</u>

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  <u>See</u> §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

Here, based on the onset of symptoms established in the Findings of Fact, Ms. Blad has not established onset of symptoms of GBS within the appropriate time frame to succeed in an on-table claim.  <u>See</u> 42 C.F.R. § 100.3(c)(15) (providing aids to interpret GBS).

As an alternative, Ms. Blad could have sought compensation for an off-Table claim.  To establish causation, petitioners bear a burden "to show by preponderant evidence that the vaccination brought about [the vaccinee's] injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was

the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Ms. Blad has presented no expert testimony or other evidence to establish a medical theory connecting her flu vaccine to her GBS. Neither has she addressed a logical sequence of cause and effect, or a proximate temporal relationship outside of her on-Table claim.

Furthermore, petitioner wishes to have her claim dismissed and judgment entered against her. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future. See Pet'r's Mot., filed Sept. 16, 2020, ¶ 5.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, the evidence weighs against a finding that the flu vaccine caused petitioner's development of GBS based on the onset of various symptoms established in the Ruling Finding Facts. Therefore, in light of Ms. Blad's concession that this case is not compensable and a review of the entire record, particularly the conclusions drawn in the Ruling Finding Facts, the undersigned finds that Ms. Blad has not established a Table injury of the flu vaccine causing her GBS.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

> s/Christian J. Moran
> Christian J. Moran
> Special Master