# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| BEVERLY BLAD, | * |
| | *    No. 18-391V |
|     Petitioners, | *    Special Master Christian J. Moran |
| | * |
| v. | *    Filed: May 21, 2021 |
| | * |
| SECRETARY OF HEALTH | *    Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * |
| | * |
|     Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
Heather L. Pearlman, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 27, 2020, petitioner Beverly Blad moved for final attorneys' fees and costs. She is awarded **$65,195.39.**

\*    \*    \*

On March 14, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccine she received on November 11, 2016, caused her to develop Guillain-Barré syndrome. Petition at 1. The undersigned held a fact hearing on March 10, 2020. Thereafter, on July 15, 2020, the undersigned issued a fact ruling. 2020 WL 4607200 (Fed. Cl. Spec. Mstr. July 15, 2020).

A status conference was held on August 25, 2020, to discuss the findings of fact with the parties. Petitioner was ordered to file a motion for a decision dismissing the petition, or in the alternative, a status report proposing a deadline for her expert report. On September 16, 2020, petitioner moved for a decision dismissing her petition and on October 21, 2020, the undersigned issued his decision dismissing the petition for insufficient proof. 2020 WL 6737439 (Fed. Cl. Spec. Mstr. Oct. 21, 2020).

On October 27, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $58,164.50 and attorneys' costs of $9,030.89 for a total request of $67,195.39. Fees App. at 8.[2] Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of his case. Id. On November 9, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\* \* \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful, the matter required a fact hearing and the undersigned finds that good faith and reasonable basis existed throughout the matter.  Respondent also has not challenged the reasonable basis of the claim.

---

[2] Petitioner's motion originally requested attorneys' costs of $8,260.64. On November 11, 2020, petitioner filed a supplement to her motion, indicating that she had inadvertently left out the cost of the fact hearing transcript and amended the requested costs to $9,030.89.

2

A final award of reasonable attorneys' fees and costs is therefore proper in this case. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel at Van Cott & Talamante, PLLC: for Mr. Andrew Downing, $385.00 per hour for all work performed from 2018-2020, for Ms. Courtney Van Cott, $205.00 per hour for work performed in 2018 and 2019, and $275.00 per hour for work performed in 2020. The undersigned has previously found these rates to be reasonable for the work of Mr. Downing and Ms. Van Cott, and they are reasonable for work in the instant case as well. Bourche v. Sec'y of Health & Human Servs., No. 15-232V, 2020 WL 6582180 (Fed. Cl. Spec. Mstr. Oct. 16, 2020).

3

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. The timesheet entries are sufficiently detailed such that the undersigned can assess their reasonableness. However, a small reduction is necessary due to excessive paralegal time billed on reviewing routine court orders and requesting medical records, and on administrative tasks such as filing documents and reviewing and paying invoices. These issues have previously been noted concerning Van Cott & Talamante paralegals. Second Fees Decision, 2018 WL 7046894, at *3; Sheridan v. Sec'y of Health & Human Servs., No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); Moran v. Sec'y of Health & Human Servs., No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019).

Upon review, the undersigned finds that a $2,000.00 reduction is reasonable to offset the noted issues. Accordingly, petitioner is awarded final attorneys' fees of $56,164.50.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $9,030.89 in costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, travel costs associated with counsel and petitioner traveling for the fact hearing, and the transcript for the fact hearing. Fees App. Ex. 1. Petitioner has provided adequate documentation supporting these costs and they appear reasonable in the undersigned's experience.[3] Petitioner is therefore awarded the full amount of costs sought.

---

[3] The requested travel-related expenses appear to comply with the terms set forth by the undersigned in Travel Order issued on December 18, 2019.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$65,195.39** (representing $56,164.50 in attorneys' fees and $9,030.89 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her attorney, Mr. Andrew Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.